IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TAVARRES HENDERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 123-015 |
| | ) |
| BRIAN K. CHAMBERS, | ) |
| | ) |
| Respondent. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the Court is Respondent's motion to dismiss the petition for lack of exhaustion.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 10), this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

**I.      BACKGROUND**

On February 27, 2018, a jury in the Richmond County Superior Court convicted Petitioner of robbery by intimidation.  (Doc. no. 1, p. 1).  The same day, the trial court sentenced Petitioner to twenty years in prison.  (Id.)

On March 1, 2018, Petitioner filed a motion for a new trial, which was denied.  See Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for

"Henderson, Tavarres," open 22016RCCR00856, last visited July 13, 2023).[1]  Petitioner appealed the ruling to the Georgia Court of Appeals, arguing the trial court erred in considering his prior convictions during sentencing and the trial court erred in entering a restitution order without holding a hearing.  Henderson v. State, 863 S.E.2d 532, 533 (Ga. Ct. App. 2021), cert. denied, (Mar. 8, 2022).  On September 16, 2021, the Georgia Court of Appeals affirmed in part and vacated in part the judgment, holding the restitution award lacked an evidentiary basis and failed to comply with relevant statutory requirements.  Id. at 535.  The Court of Appeals vacated the restitution order and remanded the case for a restitution hearing.  Id.  The Georgia Supreme Court denied certiorari on March 8, 2022.  Id. at 532.

On August 8, 2018, Petitioner filed a state writ of habeas corpus in the Superior Court of Mitchell County, Georgia, challenging his Richmond County Superior Court conviction. (Doc. no. 11-1, p. 1.)  This petition was transferred to the Johnson County Superior Court after Petitioner was moved to Johnson State Prison and on May 3, 2022, was denied without prejudice for being premature.  (Doc. no. 10-1, p. 2; doc. no. 11-2, p. 3.)  It was premature because Petitioner's writ of certiorari had been denied by the Georgia Supreme Court on March 8, 2022, but would not become final until the deadline expired for him to apply for certiorari to the U.S. Supreme Court on June 6, 2022.  (Doc. no. 11, pp. 15-16.)  The same day, the court also dismissed as premature Petitioner's second state habeas corpus petition filed in Johnson County on December 31, 2021.  (Doc. no. 11-3, pp. 2-3.)

Petitioner filed a third state habeas corpus petition in Johnson County on September 13, 2022.  (Doc. no. 1, p. 3; doc. 11-4, p. 1.)  This petition is currently pending and has not

---

[1] United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

been ruled on by the Johnson County Superior Court. (Doc. no. 10-1, p. 2; doc. no. 11-4, p. 1); see also Johnson County Superior Court Web Docket, available at https://peachcourt.com/Search?t=Civil (use "Case Search" by "party name"; then search for "Henderson, Tavarres"; and open 2022-HC-0013, last visited July 13, 2023).

Petitioner filed the instant § 2254 petition on February 17, 2023. (Doc. no. 1, p. 1.) Petitioner challenges his state court conviction alleging prejudice from the presentation of his criminal history at sentencing, a defective indictment, manifest injustice, and bad faith prosecution. (See generally id.) The Court entered a show-cause order on March 23, 2023, ordering Respondent to file an answer. (Doc. no. 6.) Respondent filed an answer on May 22, 2023, along with a motion to dismiss Petitioner's petition for lack of exhaustion. (Doc. nos. 9, 10.) Respondent claims Petitioner's federal petition should be denied because he has a pending state habeas corpus petition in Johnson County. (Doc. no. 10-1, p. 3.)

Petitioner filed a response to Respondent's motion to dismiss on June 28 and 30, 2023. (See doc. nos. 13, 14.) Petitioner does not address the legal merits of the motion to dismiss, nor does he address his pending state habeas corpus petition filed in Johnson County. (See generally id.) Instead, Petitioner declares independence from the United States Constitution and cites to rules from an imaginary planet. (Doc. no. 13, p. 1; doc. no. 14, pp. 1, 3.)

## II. DISCUSSION

### A. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An

3

applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner]

4

has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

### B.    Petitioner Failed to Exhaust State Remedies

Petitioner currently has a state habeas petition pending in the Johnson County Superior Court. (Doc. no. 10-1, p. 2; doc. no. 11-4.) The pending state petition challenges petitioner's state court conviction on similar grounds as the instant § 2254 federal petition. (Compare doc. no. 1 with doc. no. 11-4.) Moreover, Petitioner does not allege in his responses to Respondent's motion to dismiss that he has exhausted his state court remedies, nor does he deny that there is a state habeas corpus petition pending in Johnson County Superior Court. (See generally doc. nos. 13, 14.)

It is improper to attempt to circumvent the state courts in favor of moving directly to the federal courts. Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[2]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds

---

[2] Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion).  However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011).  Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

Here, there is no indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement.  Allowing Petitioner to simultaneously pursue writs in both state court and federal court would clearly violate the principles of comity.  See Horowitz v. Wainwright, 709 F.2d 1403, at 1404 (11th Cir. 1983) (dismissing a § 2254 where the petitioner had appeal regarding the same claim ongoing in a Florida state court).  As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice so he can first give the state courts an opportunity to address his claims.

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 10), this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of July, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA